IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DON ALTON HARPER,**
        **Plaintiff,**

    **v.**
                                **CASE NO. 13-3123-SAC**

**UNITED STATES OF AMERICA,**
**et al.,**
        **Defendants.**

**O R D E R**

This civil action was filed by Mr. Harper, an inmate at the United States Penitentiary, Leavenworth, Kansas, who is no stranger to the courts. Mr. Harper is an abusive filer that has been designated a three-strikes litigant as well as barred from filing additional habeas corpus petitions. Having examined the materials filed, the court finds that this is another abusive filing by Mr. Harper, and dismisses the action for lack of jurisdiction and as frivolous and abusive pursuant to 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**FILING FEE**

Plaintiff has filed a Motion for Leave to Proceed in forma pauperis (Doc. 2). However, this motion is incomplete. Mr. Harper has repeatedly been informed that he is required to provide a certified copy of his inmate account statement for the six months

1

immediately preceding the filing of his action as support for his motion to proceed in forma pauperis. However, he has not provided this information that is required by federal law. Because of the abusive nature of this action and Mr. Harper's repeated failure to adhere to court procedure regarding filing fees, the court denies his motion for leave to proceed in forma pauperis in this case and assesses the $5.00 filing fee, which he is to immediately pay to the clerk of this court.

**ALLEGATIONS AND CLAIMS**

Plaintiff complains that in May 2013, "one Clerk of the Tenth Circuit, Elisabeth A. Shumaker" refused to file pleadings in *In re: Harper*, Appellate Case No. 13-3073.[1] In addition, he claims that Clerk Shumaker barred his right to appeal to the U.S. Supreme Court and overcharged him by $600.00. He also claims that he has been "sanction(ed) monateryly (sic) from other civil filings" without a hearing and that Shumaker and ""the trust fund officer" "attempted to create a hardship." The rest of plaintiff's allegations are complaints regarding his federal criminal convictions and rulings by the trial and appellate courts during his criminal trial and direct appeal as well as his many post-conviction proceedings.

---

1  The court takes judicial notice of the court files in *United States v. Harper*, D.C. No. 2:93-CR-20069-JWL-1 (D.Kan.) and *In re: Donald Alton Harper*, App. No. 13-3073 (10th Cir. Apr. 16, 2013). The Tenth Circuit case is an appeal of a denial of a § 2255 motion filed by Harper, which that court found was "his twelfth attempt to seek relief under § 2255 from his 1994 convictions."

Mr. Harper seeks a restraining order against Clerk Shumaker and hearing by a three-judge panel. He also seeks reimbursement for "all over charge from 2010 thru 2013" against trust fund officer Kathleen Keohane for, it appears, following Shumaker's orders. Finally he seeks "remand and reverse pursuant to Fed.R.Crim.P. 52(b)."

**DISCUSSION**

The court has screened the initial pleadings and finds the following deficiencies. Mr. Harper has repeatedly been informed that local court rules require civil rights complaints as well as habeas corpus petitions to be filed upon court approved forms. This action was not filed upon forms.

Moreover, many allegations in the initial pleading and the motion are conclusory or indecipherable, and state no claim for relief for this reason alone.

In addition, Mr. Harper presents two types of claims in his pleadings that may not be litigated together. The initial pleading filed herein contained no clear title or indication as to its jurisdictional basis. The court initially viewed it as a complaint pursuant to 28 U.S.C. § 1331 and directed the clerk to file it as such because Mr. Harper refers to himself as plaintiff and the United States as the sole "Respondant (sic)." However, a week later, plaintiff submitted his incomplete "Application to Proceed without Prepayment of Fees" and therein refers to a complaint and "Federal

3

Question Jurisdiction" as well as a petition and 28 U.S.C. § 2241 and claims he is in custody in violation of the Constitution.[2] Mr. Harper has previously been informed that he may only challenge his federal convictions by motion pursuant to 28 U.S.C. § 2255 and may not raise such challenge in either a civil complaint or a § 2241 petition.[3]

Mr. Harper's many challenges to his convictions and complaints about rulings in his criminal proceedings are clearly in the nature of habeas corpus claims. Mr. Harper has been repeatedly informed by this court and the Tenth Circuit of Appeals that his sole remedy for challenging his federal convictions is a motion pursuant to 28 U.S.C. § 2255 and that his repetitive habeas claims are barred as second and successive because he has litigated prior § 2255 motions.[4] He has also been repeatedly informed that this court lacks jurisdiction to consider these claims under § 2241 because he has

---

[2] In addition, Mr. Harper improperly includes additional claims and allegations in this motion. Additional claims and significant allegations may only be added to a case by the filing of a complete amended complaint.

[3] Matters are further complicated because the filing fee for a habeas corpus petition is $5.00, while the fee for a civil complaint is either $400.00 or $350.00.

[4] After his filing of seven actions eventually construed as § 2255 motions and a warning by the Tenth Circuit of sanctions for future frivolous actions, Mr. Harper filed another frivolous action and was sanctioned by that court. *U.S. v. Harper*, 545 F.3d 1230, 1231-2 (10th Cir. 2008). In the more recent appellate case complained of by Mr. Harper, the Tenth Circuit found, as noted, that he had filed 12 attempts to seek relief under § 2255 and ruled that:

> any future motion for authorization to file a second or successive
> § 2255 motion concerning those convictions shall be deemed denied on
> the thirtieth day following filing unless this court orders otherwise.

*In re Harper,* App. No. 13-3073 (10th Cir. Apr. 16, 2013).

4

not shown that the § 2255 remedy was inadequate or ineffective.[5]

Plaintiff's remaining allegations amount to complaints regarding acts or inactions of the "clerk of the Tenth Circuit" Shumaker and "trust fund officer" Keohane. However, even if the court continued to construe this matter as a civil rights complaint, neither of these individuals is named as a defendant. Furthermore, plaintiff's claims for reimbursement of court fees and challenges to sanctions imposed upon him by the Tenth Circuit for abusive filing practices may not be litigated in a habeas petition. In any event, Mr. Harper's allegations against Shumaker and Keohane are nothing more than conclusory statements. Mr. Harper requests that this court issue a restraining order against Shumaker, but suggests no legal authority for this court to restrain actions of a federal appellate court official or to overturn any of the Tenth Circuit decisions of which he complains. Nor does Mr. Harper allege facts or provide legal authority that would entitle him to a three-judge panel.

The court concludes that this action should be construed as a petition for writ of habeas corpus filed pursuant to § 2241 and denied. The habeas claims are dismissed for lack of jurisdiction. The claims based upon acts or inactions of Shumaker and Keohane are

---

[5] As Mr. Harper has been repeatedly informed, the fact that a § 2255 motion has been, or is likely to be, denied as either time-barred or second and successive does not establish that the § 2255 remedy is inadequate or ineffective. The court finds that this motion is abusive and petitioner's § 2255 claims are clearly barred, and therefore declines to transfer this matter to the Tenth Circuit for consideration of preauthorization to file a second and successive § 2255 motion.

5

dismissed without prejudice as not properly raised in a habeas petition and for failure to state a claim. As a consequence, Mr. Harper is assessed the filing fee of $5.00 rather than $350.00 or $400.00.

If Mr. Harper believes he has been overcharged for court fees in connection with prior cases he has filed in this court and the Tenth Circuit Court of Appeals, he may send a written inquiry to the clerk of this court regarding what he has paid in court fees and what he still owes and advise the clerk of any amounts that he disputes and why.

If Mr. Harper insists on pursuing an action in federal court for reimbursement of court fees, he must file a separate civil complaint that sets forth an appropriate jurisdictional basis, names proper defendants, and sets forth facts sufficient to support a claim. He is reminded that since he is a three-strikes litigant,[6] he will also be required to submit the filing and administrative fees of $400.00 in full along with the complaint.

The court hereby certifies that any appeal from this order would not be taken in good faith. The court further finds that there is no non-frivolous issue for appeal, so that Mr. Harper is also denied leave to proceed in forma pauperis on appeal.

---

[6] As a three-strikes litigant, Mr. Harper is required to "pay up front for the privilege of filing . . . any additional civil actions" unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g). None of the facts alleged in the initial pleading or motion suggests that Mr. Harper is in such danger.

**IT IS THEREFORE ORDERED** that this action is treated as a § 2241 petition and dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the claims raised herein that may not be litigated in a habeas petition are dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's incomplete application for leave to proceed in forma pauperis (Doc. 2) is denied and he is hereby assessed the filing fee of $5.00 to be paid immediately to the clerk of the court.

**IT IS FURTHER ORDERED** that the court hereby certifies that any appeal from this order would not be taken in good faith and leave to proceed in forma pauperis on appeal is denied.

**IT IS SO ORDERED.**

**DATED:  This 29th day of August, 2013, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**